

1  JEREMY J. GRAY (SBN 150075)
   *jgray@zuberlaw.com*
2  LISA M. LAWRENCE (SBN 240375)
   *llawrence@zuberlaw.com*
3  **ZUBER LAWLER & DEL DUCA LLP**
   777 S. Figueroa Street, 37th Floor
4  Los Angeles, California 90017
   Telephone: (213) 596-5620
5  Facsimile: (213) 596-5621
6  Attorneys for Defendant SOUTHERN
   CALIFORNIA GAS COMPANY
7



FILED
CLERK, U.S. DISTRICT COURT

MAR 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10

11  STEVEN BARRON, an individual,          CASE NO. EDCV13-526-VAP
                                                      (SPx)
12             Plaintiff,
                                           **NOTICE OF REMOVAL OF**
13     v.                                  **ACTION UNDER 28 U.S.C. § 1441(a)**
14
    SOUTHERN CALIFORNIA GAS
15  COMPANY; a corporation; UTILITY
    WORKERS UNION OF AMERICA,
16  AFL-CIO LOCAL 132, a labor union
    and DOES 1-99, inclusive,
17
               Defendants.
18

19

20  **TO THE CLERK OF ABOVE-ENTITLED COURT:**
21       PLEASE TAKE NOTICE that Defendant Southern California Gas Company
22  ("SoCalGas") hereby removes to this Court the State Court action entitled *Steven*
23  *Barron v. Southern California Gas Company, et al.*, Case No. CIVDS1213321,
24  currently pending in the Superior Court of the State of California in and for the
25  County of San Bernardino (the "State Court Action"), based upon the original
26  jurisdiction of the District Court pursuant to 28 U.S.C. §§ 1441(a) and 1446. The
27  grounds for the removal are alleged as follows:
28

1875-1004 / 305765 1

1.    On or about December 21, 2012, Plaintiff Steven Barron ("Plaintiff") commenced the State Court Action in the Superior Court of the State of California in and for the County of San Bernardino by filing a Complaint captioned *Steven Barron v. Southern California Gas Company and Utility Workers Union of America, AFL-CIO Local 132*, as Case No. CIVDS1213321. ("Complaint," attached hereto as Exhibit ("Exh") 1.)

2.    SoCalGas was served with the Summons and Complaint in the State Court Action on February 22, 2013. (*See* Proof of Service, attached hereto as Exh 2.)

3.    The State Court Action is a civil action over which this Court has original and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367, and is one that may be removed by SoCalGas pursuant to 28 U.S.C. 1441(a) in that it arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617(a)(2), and the Labor Management Relations Act ("LMRA"), § 301 (29 U.S.C. § 185). Under 28 U.S.C. §§ 1331, 1367 and 1441(a), the entire State Court Action is removable because Plaintiff has asserted a claim for violation of the FMLA, and all of his claims are transactionally related thereto.

**The Complaint is Removable Based on the Claims against SoCalGas.**

4.    The Complaint alleges the following causes of action against SoCalGas: (1) Violation of the FMLA, 29 U.S.C. § 2601; (2) Wrongful Termination in Violation of Public Policy; (3) Breach of Implied Contract; (4) Breach of the Covenant of Good Faith and Fair Dealing; and (5) Workplace Injury. (*See* Complaint, Exh. 1.) The allegations underlying all of these claims are that SoCalGas allegedly refused to place Plaintiff on "light duty" under the parties' Collective Bargaining Agreement ("CBA") and allegedly terminated his employment for excessive absences in alleged violation of both the CBA and the FMLA. (*See* Complaint, Exh. 1, at ¶¶ 15-24; 35-38; 44; 52-58; 64-68.)

1   5.   The first claim for violation of the FMLA renders the Complaint

2   removable under 29 U.S.C. § 2617(a)(2).  *See, e.g., Bloom v. Metro Heart Group*,

3   440 F. 3d 1025, 1031 n.2 (8th Cir. 2006) (district courts have federal question

4   jurisdiction over FMLA claims).

5   6.   Plaintiff's state law claims (for Wrongful Termination in Violation of

6   Public Policy; Breach of Implied Contract; Breach of the Covenant of Good Faith

7   and Fair Dealing; and Workplace Injury) are also removable on two bases.  First, the

8   state law claims against SoCalGas are removable because these claims require the

9   interpretation of the CBA. (*See* Complaint at ¶¶ 15-23; 56-57; 64, Exh 1.)  *See also*

10   *Stallcop v. Kaiser Found. Hospitals*, 820 F.2d 1044, 1049 (9th Cir. 1987) (state law

11   claims that require the interpretation of a CBA are preempted by § 301).  Second,

12   the Court has supplemental jurisdiction over these claims under 28 USC § 1367

13   because they arise out of the same facts as his federal claim for violation of the

14   FMLA.  For example, Plaintiff expressly bases his wrongful termination in violation

15   of public policy claim on the FMLA. (*See* Complaint, Exh. 1, at ¶ 44.)

16   **The Complaint Is Also Removable Based on the Claims against the Union.**

17   7.   The Complaint alleges causes of action against the Utility Workers

18   Union of America, AFL-CIO Local 132 (the "Union") for (1) Breach of the

19   Covenant of Good Faith and Fair Dealing; (2) Negligence; and (3) Malpractice.

20   (*See* Complaint, Exh. 1.)  Although styled as state law claims, these causes of action

21   allege nothing more than the Union breached both the CBA and its duty of fair

22   representation by allegedly failing to thoroughly investigate and prosecute

23   Plaintiff's claims against SoCalGas. (*See* Complaint, Exh. 1, at ¶¶ 27-29; 69-71; 80-

24   86; 91-97.)

25   8.   A corollary to the "well-pleaded complaint" rule is that "a plaintiff may

26   not defeat removal of an action by omitting to plead necessary federal questions in a

27   complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*

28   *for S. California*, 463 U.S. 1, 22, 103 S. Ct. 2841 (1983) (citations omitted).  An

1  action by a union member complaining of his union's representation of him, or lack

2  thereof, in connection with a grievance or discipline that member has received, as

3  Plaintiff has done here, is in substance a federal claim for breach of the duty of fair

4  representation. *Nosie v. Ass'n of Flight Attendants—CWA, AFL-CIO*, 722 F. Supp.

5  2d 1181, 1189 (D. Haw. 2010) (allowing removal when state court allegations

6  related to union's duty of fair representation).

7        9.     Claims involving alleged breach of a CBA and breach of the duty of

8  fair representation renders this Complaint independently removable under § 301 of

9  the LMRA (even though they are styled as state law claims). *See* 29 U.S.C. §

10  158(b)(1)(A); *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1047 (9th

11  Cir. 1987) (claim that union breached duty of fair representation is based on federal

12  labor law and subject to removal under § 301).

13        10.    Moreover, like the state law claims asserted against SoCalGas, the

14  claims against the Union are transactionally related to Plaintiff's FMLA claim and

15  are therefore subject to removal under 28 USC § 1367. (*See* Complaint ¶¶ 27-30;

16  69-71; 80-84; 89-95, Exh 1).

17        11.    Fewer than thirty (30) days have elapsed since February 22, 2013, the

18  date that SoCalGas was served with the Complaint.

19        12.    Venue in this Court is appropriate under 28 U.S.C. § 1441(a) because

20  this district includes the place in which the State Court Action was filed.

21        13.    All pleadings, process and orders served upon defendants from the

22  State Court Action accompany this Notice of Removal as required by 28 U.S.C. §

23  1446(b) are filed currently herewith. (*See* Exhs 1-4 attached hereto.)

24        14.    A true and correct copy of this Notice of Removal will be promptly

25  filed with the Clerk of the Superior Court for the County of San Bernardino and

26  served on all parties.

27        15.    No other statutes or rules concerning the removal of actions in any way

28  bar or prohibit this Removal. *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1075

1 | (5th Cir. 1980).

2 |     16.   The only other named defendant in this action, *i.e.* the Union, has

3 | joined in this Removal. (*See* Notice of Joinder in Removal filed concurrently

4 | herewith.)

5 |

6 | Dated: March 3/, 2013            Respectfully submitted:

7 |

8 |                            **ZUBER LAWLER & DEL DUCA LLP**
JEREMY J. GRAY
LISA M. LAWRENCE

9 |

10 |

11 |

12 |                      By: _____
Attorneys for Defendant
SOUTHERN CALIFORNIA GAS
COMPANY

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

# EXHIBIT 1

DEC/21/2012/FRI 04:09 PM   JOESPH YOUNG          FAX No. 562-907-77          P. 002

1  | Joseph Young (SBN 248795)
   | Gregory I. Balderrama (SBN 282673)
2  | Joseph Young Attorney at Law
   | 8000 Painter Ave, Suite 200
3  | Whittier, CA 90602
   | Telephone: (562) 907 - 9500
4  | Facsimile: (562) 907 - 7799
5  | Attorney for Plaintiffs,
   | Steven Barron

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

**DEC 21 2012**

BY _____
NICOLE HYDUKOVICH, DEPUTY

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN BERNARDINO

10  STEVEN BARRON, an individual;          Case No.:  CIVDS1243324

11           Plaintiff,                    *Assigned for All Purposes to:*

12      vs.                                PLAINTIFF'S COMPLAINT FOR:
                                            1.  VIOLATION OF THE FAMILY
13                                              AND MATERNITY LEAVE ACT
    SOUTHERN CALIFORNIA GAS               2.  WRONGFUL TERMINATION IN
14  COMPANY; a corporation; UTILITY           VIOLATION OF PUBLIC POLICY
    WORKERS UNION OF AMERICA, AFL-        3.  BREACH OF IMPLIED
15  CIO LOCAL 132, a labor union; and DOES     CONTRACT
    1-99, inclusive,                       4.  BREACH OF COVENANT OF
16                                              GOOD FAITH AND FAIR
                                                DEALING
17           Defendants.                   5.  WORKPLACE INJURY
                                            6.  NEGLIGENCE
18                                          7.  MALPRACTICE

19

20                                         [Damages Exceed $25,000]

21

22

23

24

25

26

27  ///

28  ///

1   Comes Now Plaintiff STEVEN BARRON, who alleges as follows:

2                    JURISDCTION, VENUE, AND THE PATIES

3        1.   Plaintiff, Steven Barron (hereinafter referred to as "Mr. Barron"), is an individual

4   over the age of 18 and, at all times mentioned in this Complaint, resided in the County of San

5   Bernardino, California.

6        2.   Mr. Barron is informed and believes, and on that basis alleges that Defendant,

7   Southern California Gas Company (hereinafter referred to as "Gas Company") is, and at all

8   times mentioned in this Complaint was, a corporation doing business at1981 West Lugonia

9   Avenue, Redlands, California in the County of San Bernardino, and incorporated at 101 Ash

10  Street, San Diego, California, 92101.

11       3.   Mr. Barron is informed and believes, and on the basis alleges that Defendant

12  Utility Workers Union of America, AFL-CIO Local 132 (hereinafter referred to as "Union"),

13  is, and at all times mentioned in this Complaint was, a labor union located at 7200 Greenleaf

14  Avenue, Suite 380 Whittier, California, 90602.

15       4.   Mr. Barron does not presently know the true names and capacities of the

16  defendants sued herein as DOES. Mr. Barron will seek leave of court to amend this

17  Complaint to allege said defendant's true names and capacities as soon as Mr. Barron

18  ascertains them.

19       5.   Each of the defendants named herein are believed to, and are alleged to have been

20  acting in concert with, as employee, agent, co-conspirator or member of a joint venture of

21  each of the other defendants, and are therefore alleged to be jointly and severally liable for

22  the claims set forth herein, except as otherwise alleged.

23       6.   At all times mentioned herein, each defendant was the agent of each and all the

24  other defendants and acting in the course of each agency.

25       7.   Mr. Barron is informed and believes, and on that basis alleges, that venue is

26  proper in San Bernardino County because all events and actions that give rise to this

27  Complaint occurred in the County of San Bernardino, California.

28  ///

## GENERAL ALLEGATIONS

8. Mr. Barron re-alleges and incorporates by reference Paragraphs 1 through 5 as though set forth fully therein.

9. Mr. Barron was an employee of Gas Company for three years and three months until Gas Company terminated Mr. Barron's employment on December 29, 2010. At the time of his termination, Mr. Barron was a Level Four / Bilingual Customer Service Representative.

10. As an employee, Mr. Barron was also a dues paying member of Union.

11. During his employment, Mr. Barron was a quality employee who received positive marks on his quarterly reports and well-regarded by his co-workers. Furthermore, Mr. Barron regularly worked approximately 32 hours a week, despite the fact that Gas Company identified Mr. Barron as a part-time employee.

12. On or about December 20, 2010, Mr. Barron experienced severe pain in both of his ears brought on by an ear infection. This pain directly conflicted with Mr. Barron's ability to perform his job duties, as his primary responsibilities included answering phones and speaking with customers.

13. Accordingly, Mr. Barron requested a sick day in order to seek medical attention and recover from his affliction.

14. Mr. Barron's physician diagnosed Mr. Barron with an ear infection and prescribed ear drops and antibiotics.

15. Mr. Barron informed Gas Company of his condition and returned to work on December 21, 2010, but continued to experience severe pain in both of his ears.

16. At this point, Mr. Barron contacted his supervisor, Ms. Sandra Mejia-Prado, and requested a disability bid for a temporary transfer to another job assignment or "light duty".

17. Despite the fact that Mr. Barron's request was made in compliance with Gas Company and Union's collective bargaining agreement (hereinafter referred to as "Agreement"), Gas Company denied Mr. Barron's request on the grounds that Mr. Barron was considered a part-time employee, whereas a temporary job transfer to "light duty" only

1    applied to full-time employees.

2    18. Gas Company sent Mr. Barron home to recover from his illness claiming that Mr.

3    Barron could not effectively carry out his job duties.

4    19. Gas Company did not allow Mr. Barron to return to work for several days causing

5    Mr. Barron to exceed Gas Company's 48 hour missed work policy.

6    20. According to Gas Company's employee policy, employees are subject to

7    termination for exceeding six absences or accruing more than 48 hours of missed work.

8    21. As of December 20, 2012, Mr. Barron accrued a total of six absences or 46.75

9    hours for the year 2010.

10    22. Gas Company claimed that Mr. Barron was subject to termination for any

11    additional absences exceeding the 48 hour threshold.

12    23. Ms. Mejia-Prado allowed Mr. Barron to return to work on December 29,

13    2010 where he would be formally "written up" for the abovementioned violation of company

14    policy and after Gas Company had an opportunity to contact his union labor relations officer.

15    24. Mr. Barron returned to work on December 29, 2010 and was terminated by Gas

16    Company for excessive absences in the Redlands Customer Contact Center.

17    25. Mr. Barron, subsequently contacted his union representative, Mr. Milton Davis,

18    and requested an investigation for reinstatement to his former position with Gas Company.

19    26. Mr. Barron expressed his frustration with Gas Company's inability to

20    accommodate Mr. Barron's request for "light duty" to Mr. Davis.

21    27. Union submitted Mr. Barron's claim to arbitration and after almost two years, or

22    without permission or notice, cancelled the pending arbitration.

23    28. Union initially informed Mr. Barron that his case for reinstatement appeared

24    "promising" and that they would investigate his claim for reinstatement with Gas Company.

25    29. In or about November 2012, Union contacted Mr. Barron to inform him that the

26    Union could not help Mr. Barron's claim for reinstatement with Gas Company as they were

27    unable to obtain proof that Gas Company allowed part-time employees to work "light duty".

28    30. As a result of Union's actions, Mr. Barron's only source of recourse against Gas

1  Company, his ability to pursue a civil claim against Gas Company, was severely prejudiced.
2  Due to Union's delay, Mr. Barron only had approximately 54 days to secure counsel and file
3  suit against his former employer per California's statute of limitations for wrongful
4  termination.

5                              **FIRST CAUSE OF ACTION**
6                            **Family Medical Leave Act**

7       31. Mr. Barron re-alleges and incorporates by reference Paragraphs 1 through 5 as
8  though set forth fully therein.

9       32. Mr. Barron qualifies as an employee covered by the Family and Maternity Leave
10  Act of 1993 (hereinafter referred to as the "FMLA"), pursuant to 29 Code of Federal
11  Regulations 825 (hereinafter referred to as "CFR").

12       33. 29 CFR §825.100 "allows 'eligible' employees of a covered employer to take job-
13  protected, unpaid leave, or to substitute appropriate paid leave if the employee has earned or
14  accrued it, for up to a total of 12 workweeks in any 12 months . . . because of the employee's
15  own serious health condition makes the employee unable to perform the functions of his or
16  her job . . . "

17       34. 29 CFR §825.100(c) specifically indicates that an "employee generally has a right
18  to return to the same position or an equivalent position with equivalent pay, benefits, and
19  working conditions at the conclusion of the leave. The taking of FMLA leave cannot result in
20  the loss of any benefit that accrued prior to the start of the leave."

21       35. Mr. Barron qualifies as a covered employee under the FMLA and should have
22  been granted medical leave without any repercussions by his employer due to the severity of
23  Mr. Barron's health condition and its effect to Mr. Barron's job performance and duties.

24       36. Gas Company knew that Mr. Barron suffered from a serious medical condition,
25  because Mr. Barron requested time off of work to seek medical attention and produced a
26  doctor's note indicating his illness.

27       37. Gas Company's refused to transfer Mr. Barron to "light duty" on account of his
28  employment status as a "part-time" employee and subsequently terminated Mr. Barron's

1  employment.

2      38. Gas Company's actions violated Mr. Barron's rights under FMLA as Mr. Barron is

3  an eligible employee regardless of Gas Company's employee designation.

4      39. Mr. Barron suffered damages legally caused by these acts.

5      40. In doing the acts herein alleged, Gas Company is liable to terminating Mr.

6  Barron's employment, and Mr. Barron is entitled to general and special damages according to

7  proof at the time of trial.

8                    **SECOND CAUSE OF ACTION**

9              **Wrongful Termination in Violation of Public Policy**

10     41. Mr. Barron re-alleges and incorporates by reference Paragraphs 1 through 5 as

11  though set forth fully therein.

12     42. California recognizes that, even in cases of at-will termination, the termination of

13  an employee may be wrongful if it contravenes public policy.

14     43. Public Policy considerations include terminations that violate statutory laws and

15  regulations.

16     44. Gas Company's termination of Mr. Barron directly violated provisions of FMLA

17  and California Fair Employment and Housing Act (hereinafter referred to as "FEHA").

18     45. Furthermore, public policy and California statute specifically prohibits

19  terminations or disciplinary measures by employers like Gas Company against employees

20  with serious health conditions like Mr. Barron.

21     46. Mr. Barron suffered damages legally caused by Gas Company's actions.

22     47. In doing the acts herein alleged, Gas Company is liable for Mr. Barron's damages,

23  and Mr. Barron is entitled to general and special damages according to proof at the time of

24  trial.

25                    **THIRD CAUSE OF ACTION**

26                    **Breach of Implied Contract**

27     48. Mr. Barron re-alleges and incorporates by reference Paragraphs X through X as

28  though set forth fully therein.

49. California recognizes the existence of a breach of an implied employment contract even when the employer designates the employee as an "at will" employee.

50. In these instances, California courts consider four factors for determining the existence of an implied employment contract where an employer, despite the fact that their employee is recognized as "at-will", nevertheless may only terminate an employee for "good cause".

51. These factors include: "the personnel policies or practices of the employer; the employee's longevity of service; actions or communications by the employer reflecting assurances of continued employment; and the practices of the industry in which the employee is engaged." Pugh v. See's Candies, (1998) 203 Cal. App. 3d 743, 751.

52. Mr. Barron alleges that Gas Company breached their implied contract because Gas Company terminated Mr. Barron's employment instead of granting his request for a temporary transfer to "light duty".

53. Gas Company's Agreement with Union specifically indicates in Section 5.10(J) that an employee may request a medical transfer to another position that the requesting employee is otherwise qualified to perform.

54. Although Gas Company claims that Mr. Barron is a part-time employee and therefore does not qualify for "light-duty" Mr. Barron alleges that Gas Company has a history of granting similar requests for part-time employees in spite of their employee designation.

55. Moreover, Mr. Barron alleges that he regularly worked an average of 32 hours per week over the course of approximately three years and therefore is not considered a part-time employee per California law.

56. Gas Company's Agreement 6.5(A) with Union also indicates and identifies disciplinary measures, including termination, for cause

57. Gas Company's Agreement with Union, as it pertains to Mr. Barron, indicates that Gas Company did in fact communicate to Mr. Barron and their employees that Gas Company would only terminate employees "for cause" through their personnel practices and actions.

58. Consequently, Gas Company breached their implied employment contract with Mr. Barron by not terminating "for cause" when Mr. Barron's alleged violation of company policy for employee absences was not due to Mr. Barron's own conduct, but due to Gas Company's failure to accommodate Mr. Barron's transfer request and Mr. Barron's compliance with Gas Company's instruction to go home.

59. In doing the acts herein alleged, Gas Company is liable for Mr. Barron's damages, and Mr. Barron is entitled to general and special damages according to proof at the time of trial.

### FOURTH CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

60. Mr. Barron re-alleges and incorporates by reference Paragraphs 1 through 5 as though set forth fully therein.

61. The laws of the State of California imply a covenant of good faith and fair dealing into the relationship between Mr. Barron and Gas Company. This covenant requires that each party to the contract act with fairness and good faith toward each other, and that neither party nor their agents or employees should take any action to prevent the other from reaping the benefits of the relationship.

62. The covenant further requires Gas Company to refrain from needless injury or damage to Mr. Barron.

63. The covenant further requires Gas Company to conform to all laws of the State of California and to refrain from violating any law which detrimentally affects Mr. Barron.

64. Gas Company breached the covenant of good faith and fair dealing by not accommodating Mr. Barron's request for "light duty" for the duration of his serious health condition despite the fact that Gas Company has previously granted said requests for part-time employees.

65. Moreover, Gas Company breached the covenant of good faith and fair dealing by intentionally denying Mr. Barron's request despite the fact that Mr. Barron was a part time employee in name only, as he regularly worked an average of 32 hours a week.

66. Mr. Barron alleges that Gas Company's failure to accommodate his temporary transfer request contributed to Mr. Barron's accrual of additional absences in violation of Gas Company's policy against exceeding six absences or accruing more than 48 hours of missed work within a year.

67. Mr. Barron alleges that Gas Company's conduct and not his own lead to this violation in addition to violating the covenant of good faith and fair dealing.

68. Consequently, Gas Company not only violated the provisions and benefits guaranteed to him by Agreement, but also deprived him of the benefits guaranteed to him as an eligible employee pursuant to FMLA, FEHA, and statutory laws.

69. Additionally Mr. Barron alleges that Union breached the covenant of good faith and fair dealing by failing to expedite Mr. Barron's claim against Gas Company in a timely manner.

70. Mr. Barron alleges that Union intentionally delayed their investigation into Mr. Barron's claim in order to prejudice Mr. Barron's claim for reinstatement and potential civil suit against Gas Company.

71. In doing the acts herein alleged, Gas Company and Union are liable for Mr. Barron's damages, and Mr. Barron is entitled to general and special damages according to proof at the time of trial.

Furthermore, in doing the things herein alleged, Defendants acted with malice, oppression and/or fraud pursuant to California Civil Code § 3294(c), and acted willfully and with the intent to injure MR. Barron.  Accordingly, Gas Company is therefore guilty of malice, oppression, and/or fraud and Mr. Barron is entitled to recover an award of exemplary damages, punitive damages, and/or attorneys' fees in an amount to be proven at the time of trial, including but not limited to any unpaid balance, other charges and fees due, prejudgment and post judgment interest, attorneys' fees and further relief as the Court may deem just and proper.

///
///

## FIFTH CAUSE OF ACTION

### Workplace Injury

72. Mr. Barron re-alleges and incorporates by reference Paragraphs 1 through 5 as though set forth fully therein.

73. California Labor Code §3600(a) assigns liability to employers for injuries "sustained by his or her employees arising out of and in the course of the employment."

74. Consequently, Gas Company is liable for Mr. Barron's injuries sustained while employed by Gas Company.

75. Mr. Barron suffered from a serious health condition originating from an ear infection arising out of his employment with Gas Company due to the conditions of his work area.

76. Mr. Barron's ear infection arose while Mr. Barron was performing his duties growing out of his employment, which in this case includes the use of his work provided telephone and work station.

77. Mr. Barron alleges that his ear infection was proximately caused by unsanitary health condition of his work station, including his work provided telephone and other equipment, and failure to properly maintain said equipment.

78. In doing the acts herein alleged, Gas Company is liable for Mr. Barron's damages, and Mr. Barron is entitled to general and special damages according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### Negligence

79. Mr. Barron re-alleges and incorporates by reference Paragraphs 1 through 5 as though set forth fully therein.

80. Mr. Barron alleges that Union negligently investigated and/or otherwise processed Mr. Barron's claim against Gas Company for reinstatement.

81. Union owed a duty to use reasonable care in their representation and investigation of Mr. Barron's claim against Gas Company.

82. Union breached their duty to use reasonable care by failing to interview other Gas Company employees who witnessed and know of documentation describing similar requests made by part-time employees for temporary transfer to "light duty".

83. Union breached their duty to use reasonable care by failing to address and/or investigate why other employees were reinstated despite the fact that they committed much graver offenses that blatantly violated company policy.

84. Union breached their duty to use reasonable care by failing to address and/or investigate why Gas Company terminated Mr. Barron's employment for forcing him to take additional sick days, when additional hours contravened Gas Company's own company policy against exceeding six absences or accruing more than 48 hours of missed work within a year.

85. Union breached their duty to use reasonable care by failing to resolve and/or inform Mr. Barron of Gas Company's decision not to reinstate Mr. Barron's employment in a reasonably timely manner.

86. As a direct result of Union's unreasonable conduct, Mr. Barron sustained damages by relying on Union's representation of skill, prudence, learning, knowledge, and expertise in their representation of union members.

87. In doing the acts herein alleged, Union is liable for Mr. Barron's damages, and Mr. Barron is entitled to general and special damages according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION

#### Malpractice

88. Mr. Barron re-alleges and incorporates by reference Paragraphs 1 through 5 as though set forth fully therein.

89. Defendants had a duty to, and represented to Mr. Barron, that they would at all times exercise and use skill, prudence, learning, knowledge, and expertise in their representation of Mr. Barron in accordance with the standards of care of competent, prudent, and reputable attorneys as part of Mr. Barron's membership with Union.

90. Mr. Barron relied on Defendants, representation of skill and competence.

1    91. On December 29, 2010, Gas Company terminated Mr. Barron for violating

2 company policy for exceeding six absences or accruing more than 48 hours of missed work

3 within a year.

4    92. Mr. Barron contacted his union representative, Mr. Milton Davis, in order to file

5 his grievance against Gas Company with the intent of seeking reinstatement of his

6 employment.

7    93. Mr. Barron patiently waited for Union and Defendants to reconcile his

8 claim against the Gas Company.

9    94. For this reason, Mr. Barron did not seek new employment and waited for

10 Defendants to investigate and apply their skill, prudence, learning, knowledge, and

11 expertise in their representation of union members.

12    95. Consequently, Mr. Barron effectively waited for some indication of the status of

13 his case from December 29, 2010 until Union finally informed him of their decision that Gas

14 Company would not reinstate him in or about November 2012.

15    96. Defendants breached their duties to Mr. Barron by negligently addressing

16 Mr. Barron's claim in a timely manner which would have allowed Mr. Barron a reasonable

17 amount of time to consider his options for legal recourse and seek counsel accordingly.

18    97. Defendants breached their duties to Mr. Barron by negligently addressing

19 Mr. Barron's claim in a timely manner which would have allowed Mr. Barron to find new

20 employment.

21    98. As a direct result of Defendant's wrongful conduct, Mr. Barron sustained

22 damages by relying on Defendant's, skill, prudence, learning, knowledge, and

23 expertise in their representation of union members.

24    99. In doing the acts herein alleged, Defendant is liable for Mr. Barron's

25 damages, and Mr. Barron is entitled to general and special damages according to proof at the

26 time of trial.

27    100. In doing the acts herein alleged, Defendant, DOE, is liable for Mr. Barron's

28 damages for costs of suit and attorney's fees herein incurred; for pre- and post-judgment

1  interest as allowed by law; and for other and further relief as the court may deem proper.

2  WHEREFORE, Mr. Barron prays for relief as follows:

3                            **PRAYER**

4                    **DEMAND FOR JURY TRIAL**

   Mr. Barron hereby demands trial of this matter by jury.

5                **FOR ALL CAUSES OF ACTION**

6      1.   For special damages, back pay, loss of earnings, and other special damages

7  according to proof.

8      2.   For general damages in an amount presently unascertained but to be proven at

9  trial according to proof;

10     3.   For punitive damages and/or exemplary damages;

11     4.   For costs of suit and attorney's fees herein incurred;

12     5.   For injunctive and declaratory relief;

13     6.   For pre- and post-judgment interest as allowed by law; and

14     7.   For such other and further relief as the court may deem proper.

15

16

17  Dated: 12/21/2012                    Respectfully Submitted,

18                                       Joseph Young Attorney At Law

19

20                                       By: _____

21                                           Joseph Young
                                             Attorney for Plaintiff,
22                                           STEVEN BARRON

23

24

25

26

27

28

# EXHIBIT 2

DEC/21/2012/FRI 03:47 PM   JOES  YOUNG                  FAX No. 562-907-  9                    P. 003

*accepted by N Becerra*
*8:45 AM a 2/27/13*                                                                    SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHERN CALIFORNIA GAS COMPANY, a corporation;
UTILITY WORKERS UNION OF AMERICA, AFLCIO LOCAL 132,
a labor union and DOES 1-50, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVEN BARRON, an individual

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 26 2012

BY _____
NICOLE HYDUKOVICH, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Bernardino

303 W. Third Street
San Bernardino, California 92415

CASE NUMBER:
(Número del Caso):
CIVDS1213321

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joseph Young
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Young Attorney at Law 8000 Painter Avenue Suite 200, Whittier, California 90602 Tel.(562) 907-9500

DATE: ~~December 21, 2012~~ DEC 26 2012    Clerk, by Nicole Hydukovich                , Deputy
*(Fecha)*                                  *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Southern California Gas Company, a Corporation

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

**EXHIBIT 3**

DEC/21/2012/FRI 03:47 PM   JOESP. JUNG          FAX No. 562-907-7          P. 004

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Joseph Young Esq. (SBN 24***)<br>Joseph Young Attorney at Law<br>8000 Painter Avenue, Suite 200<br>Whittier, CA 91602<br>TELEPHONE NO: (562) 907-9500   FAX NO. (562) 907-7799<br>ATTORNEY FOR (Name): Steven Barron, Plaintiff | FOR COURT USE ONLY<br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>DEC 2 1 2012<br><br>BY _____ HH<br>NICOLE HYDUKOVICH, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 303 W. 3rd Street
MAILING ADDRESS: 303 W. 3rd Street
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: Civil Division

CASE NAME:
Steven Barron v. Southern California Gas Company, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>CIVDS1213321 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Seven (7) FMLA, Wrongful Term; ' Interference, Breach of Contract
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 21, 2012
Joseph Young, Esq.
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

DEC/21/2012/FRI 03:48 PM   JOESF   JUNG          FAX No. 562-907-7799          P. 006

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Steven Barron                                    Case No. __CIVDS1213321__

vs.

Southern California Gas Company, et.al          CERTIFICATE OF ASSIGNMENT

SCANNED

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the __San Bernardino__ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ 1 | Adoption | Petitioner resides within the district. |
| ☐ 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ 3 | Contract | Performance in the district is expressly provided for. |
| ☐ 4 | Equity | The cause of action arose within the district. |
| ☐ 5 | Eminent Domain | The property is located within the district. |
| ☐ 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9 | Mandate | The defendant functions wholly within the district. |
| ☐ 10 | Name Change | The petitioner resides within the district. |
| ☐ 11 | Personal Injury | The injury occurred within the district. |
| ☐ 12 | Personal Property | The property is located within the district. |
| ☐ 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ 15 | Review | The defendant functions wholly within the district. |
| ☐ 16 | Title to Real Property | The property is located within the district. |
| ☐ 17 | Transferred Action | The lower court is located within the district. |
| ☐ 18 | Unlawful Detainer | The property is located within the district. |
| ☐ 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ 20 | Other _____ | |
| ☒ 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

1981 W. Lugonia Avenue
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                    ADDRESS

Redlands, CA 92374
(CITY)                          (STATE)                    (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

December 21, 2012                                at   Whittier                          , California

                                                 Signature of Attorney/Party

13-13303-4300 Rev. 1994                                                              SB-13303

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1213321

http://www.sb-court.org
IN RE: BARRON V SO CAL GAS

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE DEFENDANT/PARTY SERVED: The dates below DO NOT increase the
time you have to respond to the Complaint filed against you. The time
for your response is stated on the "Summons".

PLAINTIFF PLEASE TAKE NOTICE:This case has been assigned to:
DONALD  ALVAREZ
FOR ALL PURPOSES;that the above-entitled case has been set for an
Order to Show Cause(OSC) why the case should not be dismissed for
failure to serve the Summons and Complaint; and a Case Management
Conference (CMC). A COPY OF THIS NOTICE MUST BE SERVED ON ALL
DEFENDANTS
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 03/29/13 at
 8:30 in department S32
If "Proof of Service" of the Summons and Complaint has been filed 10
court days prior to the hearing, no appearance is required and the
hearing will be vacated.

The Case Management Conference is set for 06/28/13 at  8:30 in
Department S32
File your CMC Statement with the court 15 calendar days prior to the
hearing. Failure to appear may result in monetary sanctions and/or
dismissal of your case. The advance jury fees of $150 per party is NON
REFUNDABLE and must be deposited on or before the date scheduled for
the CMC. (CCP631)

Stephen H. Nash, Clerk of the Court
Date: 12/26/12                            By: NICOLE HYDUKOVICH
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
(X) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 12/26/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/26/12 at San Bernardino, CA  By: NICOLE HYDUKOVICH
notice: NCMCT1 action: cmc



# You Don't Have to Sue

## Here Are Some Other Ways

## To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

**Accommodations For Persons With Disabilities Using Court Facilities**

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

Jurors: Please contact the Jury Services Office at (909) 884-1858.

Others: Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf

# EXHIBIT 4

# COPY

1   ELLEN GREENSTONE (CSB No. 66022)
    ANTHONY RESNICK (CSB No. 273989)
2   ROTHNER, SEGALL & GREENSTONE
    510 South Marengo Avenue
3   Pasadena, California 91101-3115
    Phone: (626) 796-7555
4   Fax: (626) 577-0124
    Email: aresnick@rsglabor.com
5
    Attorneys for Defendant Utility Workers
6   Union of America, AFL-CIO, Local 132

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

MAR 1 9 2013

BY _Edmnd la Castro_
EDMOND CASTRO, DEPUTY

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN BERNARDINO

10                     CENTRAL DISTRICT

11

12   STEVEN BARRON, an individual,         |   Case No.: CIVDS1213321

13               Plaintiff,                 |   Judge Donald Alvarez

14                               |   Department S32

15       vs.                         |   ANSWER TO COMPLAINT OF UTILITY
                                    |   WORKERS UNION OF AMERICA, AFL-
16   SOUTHERN CALIFORNIA GAS       |   CIO, LOCAL 132
    COMPANY; a corporation; UTILITY
17   WORKERS UNION OF AMERICA,     |   Date Action Filed:     12/21/2012
    AFL-CIO LOCAL 132, a labor union; and |   Trial Date:           N/A
18   DOES 1-99, inclusive,

19               Defendants.

20

21         Defendant Utility Workers Union of America, AFL-CIO, Local 132 ("UWUA Local

22   132"), on its own behalf and for no other defendant, hereby answers Plaintiff's Complaint as

23   follows:

24

25                           **GENERAL DENIAL**

26         UWUA Local 132 denies, generally and specifically, each and every allegation of the

27   Complaint.

28   ///

                                    1
            DEFENDANT UWUA LOCAL 132'S ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

1.     The Complaint, and each cause of action, fails to state a claim upon which relief may be granted.

2.     The Complaint, and each cause of action, is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

3.     The Complaint, and each cause of action, is barred by the applicable statute(s) of limitations.

4.     The Complaint, and each cause of action, is barred by the doctrine of laches.

5.     The Complaint, and each cause of action, is barred by the failure of Plaintiff to exhaust his internal union remedies.

6.     The Complaint, and each cause of action, is barred by the failure of Plaintiff to exhaust administrative remedies and/or judicial remedies.

7.     Plaintiff's causes of action against UWUA Local 132, either in whole or in part, are barred by Plaintiff's own intentional and/or negligent actions or omissions.

8.     Plaintiff's causes of action against UWUA Local 132, either in whole or in part, are barred by the doctrine of estoppel.

9.     Plaintiff's causes of action against UWUA Local 132, either in whole or in part, are barred by the doctrine of unclean hands.

10.     Plaintiff's causes of action against UWUA Local 132, either in whole or in part, are barred by the doctrine of waiver.

11.     Any harm suffered by Plaintiff (which is expressly herein denied) was the direct or proximate result of Plaintiff's own conduct, or the conduct of others, and not of any wrongful or illegal conduct of UWUA Local 132.

12.     Any actions taken towards Plaintiff by UWUA Local 132 were undertaken in good faith and for a legitimate business purpose and were neither arbitrary, capricious, nor unlawful.

13.     Plaintiff has not suffered any damage and/or any reasonably certain damage.

///

2

14.    Plaintiff's causes of action, and each of them, are barred by his failure to mitigate damages.

15.    Plaintiff's Fifth Cause of Action is barred because an action to obtain workers' compensation benefits was his exclusive remedy for the alleged injuries arising out of his employment.

16.    No damages or other award, including an award of punitive or exemplary damages, are available to Plaintiff.

17.    Plaintiff is not entitled to injunctive or declaratory relief of any kind.

18.    Plaintiff is entitled to no relief of any kind with respect to his causes of action against UWUA Local 132.

19.    Plaintiff is not entitled to recover attorneys' fees against UWUA Local 132.

20.    Plaintiff's causes of action, and each of them, are frivolous, unreasonable and groundless; accordingly, UWUA Local 132 should recover all costs and attorneys' fees incurred herein.

21.    UWUA Local 132 reserves the right to raise other affirmative and other defenses that may subsequently become applicable to some or all of Plaintiff's causes of action.

WHEREFORE, Defendant UWUA Local 132 prays for:

1.    An order dismissing the Complaint in its entirety with prejudice and providing that Plaintiff shall take nothing thereon;

///
///
///
///
///
///
///

3

2.      Judgment on the complaint in favor of Defendants;

3.      Costs of suit and an award of reasonable attorneys' fees;

4.      Such other and further relief as the Court deems just and proper.

DATED: March 19, 2013                    ELLEN GREENSTONE
                                         ANTHONY RESNICK
                                         ROTHNER, SEGALL & GREENSTONE


                                    By_____
                                         ANTHONY RESNICK
                                         Attorneys for Defendant Utility Workers Union of
                                         America, AFL-CIO, Local 132

## PROOF OF SERVICE

Barron v. Southern California Gas Company, et al.
San Bernardino Superior Court Case No. CIVDS1213321

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 510 South Marengo Avenue, Pasadena, California 91101.

On March 19, 2013, I served the foregoing document described as **ANSWER TO COMPLAINT OF UTILITY WORKERS UNION OF AMERICA, AFL-CIO, LOCAL 132** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joseph Young
Gregory I. Balderrama
Joseph Young Attorney at Law
8000 Painter Ave., Suite 200
Whittier, CA 90602

[x] **(By Mail)**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice I place all envelopes to be mailed in a location in my office specifically designated for mail. The mail then would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. Executed on March 19, 2013.

[x] **(State Court)**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Jerry Cohen_
Jerry Cohen

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3   At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My

4 business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

5

6   On March 22, 2013, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §**

7 **1441(A)** on the interested parties in this action as follows:

8 Joseph Young       Ellen Greenstone
Gregroy I. Balderrama    Anthony Resnick
Joseph Young Attorney at Law  Rothner Segall & Greenstone

9 8000 Painter Avenue    510 South Marengo Avenue
Suite 200       Pasadena, CA 91101

10 Whittier, CA 90602    Tel: 626-796-7555
Tel: (562) 907-9500    Fax: 626-577-0124

11 Fax: (562-907-7799    Email: aresnick@rsglabor.com
Attorneys for Plaintiff STEVEN Attorneys for UTILITY WORKERS

12 BARRON       UNION OF AMERICA, AFL-CIO
          LOCAL 132

13

14 **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for

15 collection and mailing, following our ordinary business practices. I am readily familiar with Zuber Lawler & Del Duca LLP's practice for collecting and processing

16 correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the

17 United States Postal Service, in a sealed envelope with postage fully prepaid.

18   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office

19 of a member of the bar of this Court at whose direction the service was made.

20   Executed on March 22, 2013, at Los Angeles, California.

21

22          _Debbie Ellis_

23         Debbie J. Ellis

24

25

26

27

28

1875-1004 / 305765.1

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Steven Barron | Southern California Gas Company, a corporation; Utility Workers of America, AFL-CIO Local 312, a labor union |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| | Jeremy J. Gray/Lisa M. Lawrence<br>Zuber Lawler & Del Duca LLP<br>777 S. Figueroa Street, 37th Floor<br>Los Angeles, CA 90017 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** Exceeds $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of The Family and Medical Leave Act - 29 USC 2601, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☒ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** EDCV13-526

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**  DATE: March 21, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 526 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.